# Brunott *against* M'Kee.

The sureties of a constable are liable for the act of the officer in levying upon the goods of a stranger.

The 86th section of the Act of 13th April 1834, relative to county and township officers, which requires them to file a copy of their official oath with the town clerk, is not applicable to a constable.

ERROR to the District Court of *Allegheny* county.

The Commonwealth for the use of Grace M'Kee against David E. Mitchell, Hillary Brunott and D. P. Ingersoll. This was an action of debt upon the official bond of Mitchell, who was constable of the fifth ward of the city of Pittsburgh ; the other two defendants were his sureties. Grace M'Kee brought an action of trespass against David E. Mitchell for levying and selling her property upon an execution against another person, and recovered a judgment against him for $68. This suit was brought to recover the amount of that judgment, and the sureties made defence on two grounds : 1. That the constable had not taken and filed with the town clerk a copy of his official oath, as required by the 86th section of the Act of 13th April 1834, and therefore his acts were void ; 2. That they were not liable for acts of trespass committed by the constable. The court below directed a judgment for the plaintiff.

*Williamson*, for the plaintiff in error, cited the Act of Assembly referred to and 4 *Watts* 23.

*Dunlop*, contra, cited 7 *Serg. & Rawle* 392 ; 2 *Rawle* 139 ; 5 *Watts* 538 ; 2 *Watts & Serg.* 37 ; 5 *Binn.* 185 ; 17 *Serg. & Rawle* 354.

VI. — 65

[*Brunott v. M'Kee.*]

PER CURIAM.—Though the Act of 1834 speaks of constables as township officers, they are not strictly so; nor does the section which requires them to file a copy of their oath of office with the town clerk, where there is one, seem applicable to them. They are nominated by the township, it is true; but they are also appointed by the court, which is not the case with any other township officer : and their duties are also of a mixed character, a part of them pertaining to the township and a part to the county. They have from time immemorial been sworn into office by the court, and there has not perhaps been a single instance in which one of them has filed a copy of his official oath with a town clerk. Why should he do so when the oath is already on record ? The object of the Act was to provide a place for the deposit of the evidence of qualification; and though that might be necessary in the case of the others, it would be superfluous in the case of a constable. But the section is at best merely directory, as it does not say that the acts of the officer shall be void for want of compliance with it; for in *Kingsbury* v. *Ledyard,* (2 *Watts & Serg.* 37), it was held that the writ protects the officer himself: and where his act is valid it is proper that the sureties be responsible for it. But it does not appear in the case stated that there was in truth a town clerk for the township ; and the defendants would be liable under any construction. The remaining argument is disposed of by *Carmack* v. *The Commonwealth,* (5 *Binn.* 184), in which the sureties of a sheriff were liable for the act of the officer in levying the goods of a stranger.

Judgment affirmed.