INHABITANTS OF GREENFIELD *vs.* WILLIAM WILSON & others.

The provision of *St.* 1845, *c.* 70, § 2, that in actions on constables' bonds " the like proceed-
ings shall be had as in a suit by a creditor on administration bonds," does not require
the action to be brought in this court.

The attachment by a constable on mesne process of the property of one not the defend-
ant is a breach of the condition of the constable's bond.

An unsatisfied judgment against a constable for the conversion of property wrongfully
attached by him is no bar to an action upon his bond.

ACTION OF CONTRACT, brought for the benefit of Hugh E.
Kenran, upon the bond given by Wilson as a constable of the
town of Greenfield.

At the trial in the court of common pleas in Franklin at
March term 1859, it appeared that Wilson, in his capacity of
constable, in serving a writ issued by a justice of the peace, in a
civil action against one Kellogg, attached and took a rifle, the
property of Kenran, and refused to deliver it up to Kenran on
demand ; whereupon Kenran sued him for the conversion, and
recovered judgment, upon which execution issued and was re-
turned unsatisfied, after which this suit was commenced.

The defendants contended that upon this evidence the action
could not be maintained. But *Mellen,* C. J. ruled that the plain-
tiffs were entitled to recover. A verdict was taken for the
plaintiffs; and the defendants alleged exceptions.

*C. Allen,* for the defendants. 1. Kenran's judgment against
the constable bars this action. It is a general rule that a judg-
ment, obtained against one of several who are jointly liable
either for a tort or upon a contract, precludes the plaintiff from
afterwards proceeding against the others. 1 Chit. Pl. (6th Am.
ed.) 44 *note*, 89. *King* v. *Hoare*, 13 M. & W. 494. *Olcott* v.
*Little*, 9 N. H. 259. *Ward* v. *Johnson*, 13 Mass. 148. *Gibbs* v.
*Bryant*, 1 Pick. 118. A judgment and execution in trover
against one bars an action against another for the same cause.
Com. Dig. Action K. 4. So as to trespassers. *Livingston* v.
*Bishop*, 1 Johns. 290.

Judgment and execution against the plaintiff in a suit for

Inhabitants of Greenfield *v.* Wilson & others.

attaching the goods of a third person, although unsatisfied, will bar a suit against the officer. *White* v. *Philbrick*, 5 Greenl. 147. So judgment and execution against a deputy sheriff will bar a suit against the sheriff. *Campbell* v. *Phelps*, 1 Pick. 62. The judgment against the constable vested the property in him. *Broome* v. *Wooton*, Yelv. 67. *Campbell* v. *Phelps*, 1 Pick. 67. It is same cause of action, where the action is supported by the same evidence, without regard to the form. *Rice* v. *King*, 7 Johns. 20. *Smith* v. *Finley*, 2 Penning. 105.

There are authorities, that where no statute requires a previous suit against the constable, the suit may be brought directly on the bond. *Bagby* v. *Chandler*, 8 Alab. 230. *Governor* v. *White*, 4 Stew. & Port. 441. *Governor* v. *Perkins*, 2 Bibb, 395. The case of *Lowell* v. *Parker*, 10 Met. 309, was founded on the *St.* of 1838, *c.* 181, § 3, which required a previous suit against the constable. There is no statute requiring such previous suit in this case. *Sts.* 1845, *c.* 70, §§ 1, 2; 1851, *c.* 94, §§ 1, 2.

2. But if the true construction of the statutes requires that there should be a previous suit against the constable, the same construction and analogy require the suit to be commenced in the supreme judicial court, as in *Lowell* v. *Parker*. Rev. Sts. *c.* 70, § 10.

3. The attachment of a third person's goods was *extra officium*, and not within the condition of the bond.

*S. O. Lamb*, for the plaintiffs.

METCALF, J. This action, we think, was rightly commenced in the court of common pleas. We understand that the provision in *St.* 1845, *c.* 70, § 2, that in actions on constables' bonds "the like proceedings shall be had as in a suit by a creditor on administration bonds," was intended merely to direct the form of proceedings in such actions, and not to give to the supreme judicial court exclusive jurisdiction thereof, like its jurisdiction under the Rev. Sts. *c.* 70, of actions on administration bonds. In *Lowell* v. *Parker*, 10 Met. 309, no question of the jurisdiction of the court was raised.

It is also our opinion that an attachment, by a constable, of

the property of A. on a process against B. is a breach of the condition of his official bond given for the faithful performance of his duties in the service of civil processes. *Archer* v. *Noble*, 3 Greenl. 418. *Brunott* v. *M'Kee*, 6 W. & S. 513. *State* v. *Jennings*, 4 Ohio State R. 418. Such act is a breach of the condition of a coroner's and of a sheriff's official bond. *Harris* v. *Hanson*, 2 Fairf. 241. *Carmack* v. *Commonwealth*, 5 Binn. 184. *People* v. *Schuyler*, 4 Comst. 173.

The only other question is, whether the recovery of a judgment by Kenran against Wilson, for the conversion of the rifle, which judgment is unsatisfied, is a bar to this action. And we deem it perfectly clear that it is not. In *Carmack* v. *Commonwealth*, above cited, this precise point was adjudged. But we need no precedent. Officers are, by the common law, answerable for legal injuries done by their official acts, or acts under color of office. But they may not have pecuniary ability to pay the damages that may be recovered against them; or they may dishonestly avoid payment. Hence the statute requisition that they shall give bonds, with sureties, for the faithful performance of their official duties; thus giving to a party injured by the officer's acts a cumulative remedy, that is, a remedy in addition to an action against the officer, founded directly on his misdoings. Undoubtedly such party can have only one satisfaction; but a judgment, in an action brought against the officer for his misdoings, is not *per se* a satisfaction for the party's injury. It may be wholly worthless; and while it is unsatisfied, it can be no bar to an action on the officer's official bond. Indeed, the Rev. Sts. *c.* 14, § 65, provide that no action shall be brought on a sheriff's bond, until the party bringing it has recovered judgment against the sheriff or his legal representatives, &c.; and that, in a suit on the bond, execution shall issue for the amount of such judgment, or such part thereof as shall be unsatisfied. *Exceptions overruled.*