# THE CITY FIRE INSURANCE COMPANY OF HARTFORD, Garnishee,

*v.*

## ISAAC MARK.

1. INSURANCE —*policy of — and its conditions.* M., in the absence of his partner G., took a stock of goods on a debt due the firm, and not knowing whether the transaction would meet G.'s approval, had the stock taken to another store, procured a policy of insurance upon it in his own name, and then sold the goods to one Myers, assigning the policy to him by consent of the company indorsed thereon. Shortly after, the goods were burned, and payment of the loss refused, on the ground that the following provision in the policy discharged the company from liability : "Any interest in property insured, not absolute, or that is less than a perfect title, must be specifically represented to the company, and expressed in this policy in writing, otherwise, the insurance shall be void." *Held,* that the nature of M.'s interest in the property as between him and his firm, at the time of his sale to Myers, can not be called in question in this suit ; that, Myers having acquired an absolute title in the property, the company, by its consent to the assignment, recognized him as the assured party and sole owner of the goods, and thereby waived any right to consider the policy void under such clause, which, as against M., it may have been, had the goods burned before his sale to Myers.

2. SAME — *assignment of policy — operates as a new contract.* The consent of the company to the assignment operated as a new insurance to the assignee of the policy.

3. SAME — *policy of — when applies not only to stock on hand, but also to new goods subsequently added.* A policy of insurance on a stock of goods which is constantly being sold from, and replenished by other goods incorporated into the stock, covers, not only the original stock, but all such new goods so purchased to replace those sold in the course of trade.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit, instituted in the court below by the appellee, Isaac Marks, against one M. Myers, against whom judgment was rendered, and the appellee summoned as garnishee. Appellant had issued a policy of insurance to one M. Morris, by the terms of which it agreed to insure him against loss by fire to the extent of $2,000, upon a certain stock of goods, then in the store, No. 227 Clark street,

in the city of Chicago. With the assent of the company, the interest of Morris in this policy was assigned to Myers, to whom the goods had been sold and transferred ; and after loss by fire, appellee seeks to recover the amount of insurance from appellant, as garnishee of Myers.

The further facts in the case are stated in the opinion.

Messrs. Asay & Lawrence, for the appellant.

Messrs. Barker & Tuley, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellant was summoned by Marks, the appellee, to answer as garnishee of Myers, and, a jury being waived, the court rendered judgment against the company. One Morris, of the firm of Goldschmidt & Morris, had taken a stock of goods on a debt due the firm, and being doubtful whether his partner, then in Europe, would approve the transaction, he did not mix the stock with that of the firm, but took it to a separate store and there sold it to Myers. Before the sale, however, he had taken out a policy of insurance from the appellant, in his own name, and, when the goods were sold to Myers, the policy was assigned to him, with the written consent of the company indorsed thereon. Myers continued the business for some months, keeping up the stock by new purchases until the time of the fire.

The appellant contests its liability, on the ground that the policy contained the following provision: " Any interest in property insured, not absolute, or that is less than a perfect title, must be specifically represented to the company, and expressed in this policy in writing, otherwise the insurance shall be void ;" and the company insists that the interest of Morris in these goods was that of a partner only, and as such falls within this clause.

We do not consider it necessary to determine whether the company could have refused payment under this provision, if the goods had been burned before the sale to Myers. It is suffi-

cient for the purposes of this case, to say, that, when the goods were sold, and the policy was assigned with the written consent of the company, and Myers took, as he undoubtedly did, an absolute and complete title in the goods, it became utterly immaterial to the company what had been the nature or degree of Morris' interest in this property, as between him and the firm of which he was a member. By the assignment with the consent of the company, Myers was recognized as the assured party, and as the sole owner, as he really was, of the goods. Any privilege to hold the policy void under this clause, which the company may have had as against Morris, was waived.

In substance, though not in form, a new insurance was granted to Myers. *Tillon* v. *Kingston Mutual Ins. Co.*, 7 Barb. 573; *S. C.*, 1 Selden, 405; *Traders Ins. Co.* v. *Robert*, 9 Wend. 404; *Charleston Ins. Co.* v. *Rose*, 2 McMullan, 237. This policy, by its terms, covered the stock of hats, caps and furs, owned by Morris, and "contained in the frame building, No. 277 Clark street, Chicago." When the stock was sold to Myers, and the policy was assigned, the insurance applied not only to the stock then on hand, but to the new goods bought to replace those sold in the course of trade, and incorporated into the stock. The identical hats and caps originally insured by Morris might thus be replaced by new ones, to which the policy would attach as a part of the stock, although Morris had never had an interest in them. *Hooper* v. *The Hudson Fire Ins. Co.*, 15 Barb. 413. There can be no dispute about this, and it shows how immaterial, after the assignment, the degree of Morris' former interest in the stock had become.

The judgment must be affirmed.

*Judgment affirmed.*