## Patrick Horan et al.
### v.
## The People, use, etc.

1. Officer—Breach of bond—Levy upon goods of another.— A levy by a sheriff or constable upon the property of B, by virtue of a writ against A, is a breach of his bond, for which his sureties are liable.

2. Pleading—Plea in bar not answering whole declaration.— A plea purporting to be in bar of the whole action, which leaves one count of the declaration unanswered, is bad on demurrer.

3. Illegal levy—Measure of damages.—Where an officer levied upon the goods of a third party, and seized more goods than he sold under the writ, the amount realized from the sale would not be the whole measure of damages, in an action upon his official bond, but the owner would be entitled to recover damages for taking and detaining the goods not sold.

4. Practice on appeal.—There being no assignment of error upon the point that damages are excessive, the judgment will not be reversed for that reason.

Appeal from the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding. Opinion upon rehearing, filed January 19, 1881.

Action upon official bond of Horan as constable.

The first count of the declaration avers a seizure of the goods and chattels of Byrnes by the constable, under and by virtue of an attachment writ against one Richard Crowe, and a disposing of them by the officer. The other counts allege the taking of the goods and chattels of Byrnes by Horan, under an execution or order of sale against said Crowe, and converting the same. The defendants filed several pleas, averring the property to be in said Crowe, upon which issues were joined. They also filed a plea, numbered seven, setting up certain representations made by Byrnes at the time of the taking of the goods upon the order of sale, which were claimed to estop him from asserting his ownership in the property. The court sustained a demurrer to this seventh plea, and a trial was had upon the issues made by the other pleas and replications, and the plaintiffs recovered.

The defendants appeal.

Messrs. HALEY & O'DONNELL, for appellants; that upon a special demurrer the particular exception intended to be relied upon, should be particularly set forth, cited Bogardus v. Trial, 1 Scam. 63.

A formal objection will not be noticed on special demurrer: Snyder v. Croy, 2 Johns. 428.

An objection not raised in the court below, will not be considered in this court: Jones v. King, 86 Ill. 225.

The giving of a forthcoming bond by plaintiff, and his silence and neglect to claim the goods as his own, estop him from now setting up that claim: Colwell v. Brower, 75 Ill. 518; Heffner v. Vandolah, 57 Ill. 520; Leeper v. Hersman, 58 Ill. 218.

Messrs. GARNSEY & KNOX, for appellees; that a plea professing to answer the whole cause of action, and answering only a part, is bad on demurrer, general or special, cited 1 Chitty's Pl. 524; Snyder v. Gothier, 3 Scam. 91; Hinton v. Husbands, 3 Scam. 187; Goodrich v. Reynolds, 31 Ill. 490; Moir v. Harrington, 22 Ill. 40; Am. Ins. Co. v. Holly, 81 Ill. 353; Dickerson v. Hendryx, 88 Ill. 68.

As to what constitutes an estoppel: Chandler v. White, 84 Ill. 435.

PILLSBURY, J. The judgment in this cause was reversed by this court at the last May term, for the then supposed error of the court below, in sustaining the demurrer to the defendants' seventh plea. A rehearing of the cause having been granted at this term, the case is before us for final determination.

The point is made that this action is not maintainable, for the reason that the writ of attachment being against Crowe, did not authorize the officer to seize the goods of Byrnes by virtue thereof, and that the act of the officer in so doing, was a trespass which renders him personally liable, but for which his sureties are not bound. While there is some conflict in the decisions of the courts upon this proposition, the decided weight of authority appears to be that a levy by a sheriff or constable upon the property of " B," by virtue of a writ against " A," is a breach of his bond. We refer to some of the cases

so holding.   Archer  v.  Noble, 3  Greenl. 418;  Brunott v. McKee, 6  W.  &  S.  5:3;  State  v.  Jennings, 4 Ohio St. 418; Harris v.  Hanson, 2  Fairf. 214;  Carmack  v.  Commonwealth, 5 Binn. 184;  People  v.  Schuyler, 4 Comst. 173;  Inhabitants, etc. v. Wilson, 13 Gray, 385;  Van Pelt v. Littler, 14 Cal. 194.

This would seem to be so upon principle as  well as author- ity.   The sureties undertake that their principal shall faithfully perform all the duties imposed upon him by law, as such con- stable.   It is as much  his  duty  to refrain  from committing wrongful, oppressive, or injurious acts, under color of his office, as it is to perform  all  affirmative official acts  in  a  proper manner.   In this case the writ commanded him  to take the property of the defendant therein.   As a constable, he was au- thorized to execute the writ.   As such  officer he undertook to execute the writ, but in so doing acted improperly in taking the goods of the plaintiff.   It was a wrongful act done *colore officii.*   It is true the writ  was no justification to him, but it can hardly be said he was not acting as a constable under the writ in doing the act complained of.   The sureties stipulate against such wrongful acts done officially, and it appears to us that there can be no doubt of their liability upon their bond, to answer for all damages sustained in such case.

Upon the re-argument of the case our attention has been called to the fact (which on the former hearing escaped our notice), that the seventh plea of the defendants purports to be in bar of the whole action when it leaves the first count of the declaration unanswered.   The record shows this to be the case, and for that reason alone, the court below committed no error in sustaining the demurrer to it.   The defendants, by their plea aver such facts only as would estop Byrnes from recover- ing against the officer for seizing the goods under the order of sale, and  leave the first count of the declaration, which is for a taking under the attachment, unanswered, although it purports to answer the whole declaration.   Such defect in a plea can be taken advantage of under a general demurrer. The People v. McCormack, 68 Ill. 226.

It is urged in argument by counsel that the damages assessed by the court are excessive.   It appears by the evidence that

Horan seized upon the order of sale, a much larger quantity of goods than he sold upon the writ; and even if it should be held that the goods sold for their fair value, the amount realized by the officer would not furnish the whole measure of damages, as Byrnes would be entitled to recover damages for having those goods not sold, taken from him and retained for a considerable length of time. The court being authorized to allow him damages for such wrongful deprivation of goods, although they were subsequently returned, accounts for the difference between the actual value of the goods sold by the officer and the damages found by the court, and as no point was made in the court below nor error assigned here that the damages are excessive, we cannot reverse the judgment merely because we might have found a smaller amount had we tried the cause at the circuit. Pennsylvania Coal Co. v. Conlan, 101 Ill. 95.

Perceiving no error in the record the judgment will be affirmed.

Judgment affirmed.