## DWELLING HOUSE INSURANCE COMPANY
## v.
## JOHN A. BUTTERLY, JR.

*Fire Insurance—Oral Application—Policy—Conditions—Ownership— Mortgage.*

1.   A construction of a contract that nullifies and destroys the same, should not be adopted if it can be avoided.

2.   In an action brought to recover upon an insurance policy, the company contending that it was not liable because of the breach of one of its conditions touching the title to the property covered, this court holds, that a policy upon farm stock and implements, covers the property on hand at the place mentioned when a fire occurs, even though no one of the identical articles destroyed were there when the policy issued, and that the sale or incumbrance of any such property covered, avoids the policy only as to the specific articles themselves.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. W. S. HARBERT and GEORGE R. DALEY, for appellant.

Mr. CHAS. L. EASTON, for appellee.

GARY, P. J.   This was an action upon a policy of insurance, issued upon an oral application, and containing the following provision:  "* * *  If the interest of the assured in said prop-

erty or any part thereof now is or shall become any other or less than a perfect, legal and equitable title and ownership, free from all liens whatever, except as stated in writing thereon * * * this policy shall be absolutely void." The insurance was $500 on farming implements, wagons, carriages, sleighs and harness ; $2,500 on horses, mules, oxen, colts cows, heifers, calves, sheep and hogs; $250 on frame addition to barn, fence and improvements, and $250 on hay and grain in barn and in stacks on a farm mentioned. When the policy issued, portions of the property were mortgaged, and after it was issued other portions were, and nothing in regard thereto was written upon the policy. By the fire, property incumbered and property not incumbered, covered by the policy, was destroyed. The case was tried by the court without a jury; no propositions of law were presented under the statute and neither in the motion for a new trial or the assignment of error here, is there any complaint as to the amount of the damages assessed. Horan v. People, 10 Ill. App. 21.

Indeed, the abstract presents no data upon that subject, and the appellant's original brief says, " the only question is whether, under this condition of the policy, the chattel mortgages rendered it void." The inquiry now will be confined to that question. Although this policy was not upon a stock of merchandise, yet as to the property to which it attached, it is within the reason, and governed by the principle, of decisions relating to insurance upon such stock; that is, it covers the stock on hand, at the place mentioned, at the time of the loss, even though none of the identical articles destroyed were there when the policy issued. American Ins. Co. v. Rothchild, 82 Ill. 166; City Fire Ins. Co. v. Mark, 45 Ill. 482. The policy was for a term of three years, and it could not have been expected by either party, that the same farming implements, live stock, hay and grain, and no other, would be and remain upon a farm for that term. And this is a very important feature in determining whether a mortgage upon a portion of the property avoided the whole policy, or only so much of it as attached to the property mortgaged. A prior part of the same provision quoted from at the beginning of

this opinion is, " if the property or any part thereof shall be sold, conveyed, incumbered by mortgage or otherwise." Now if a literal reading of this provision is to be enforced, the assured could not sell a calf, sheep or hog, or a bushel of grain without rendering his policy void. A distinction might be attempted on the ground that if he sold articles from his farm, they would be taken away and the removal of them from the farm would take them out of the policy, as in Towne v. Fire Ass., 27 Ill App. 433. But this would not remove the difficulty. The words of the provision remain. And suppose he sold a horse and then boarded him for the purchaser. If such an event had been presented to the contemplation of the parties when the policy issued, would either of them have thought that the policy was to be avoided by it? A construction that nullifies and destroys the contract is not to be adopted if it can be avoided. A reference to elementary works at large is sufficient authority for such a proposition as that. Then, as to sales of the movable insured property, it must be conceded that the parties did not intend that the policy should be affected, except as to the property sold. But by the words of the policy the same consequence is attached to a sale as to an incumbrance, and as it is manifest that in relation to sales, the consequence was to be as partial as the sales, why is it not as to an incumbrance? No case where such a provision containing, as this does, the words " or any part thereof," has been construed, has been found. Without these words, Com. Ins. Co. v. Spankneble, 52 Ill. 53, is authority that a sale of part, does not affect the insurance as to the residue of the insured property, and in Dacey v. Agricultural Ins. Co., 21 Hun, 83, and Merrill v. same company, 73 N. Y. 452, the same rule is applied to incumbrances. The reasonable and fair conclusion is that a sale or incumbrance avoided the policy as to the thing sold or incumbered, and no further. The finding and judgment are as to this question, right, and the judgment is affirmed.

*Judgment affirmed.*