## Smith's Case.

*Public officers—Constables—"Township officers"—Act of July 14, 1917.*

1. A constable is not a township officer within the meaning of the Act of July 14, 1917, §§ 192 and 193, P. L. 840.

2. Where a petition for a rule on a constable to show cause why he should not be removed from office sets forth an indictable offence, he is not required to answer under oath, as such answer might incriminate himself.

3. In such case, the proper practice is an inquiry by the court.

Rule to show cause why constable should not be removed from office. Q. S. Washington Co., May Sess., 1922, No. 240.

*Witherspoon & Devore,* for petitioner; *J. Albert Reed,* for respondent.

BROWNSON, P. J.—As this case is now presented to us, we have to determine whether the respondent is bound to answer on oath certain charges of violation or neglect of his duties as a constable, made by the petition upon which a rule to show cause why he should not be removed from office was granted, and whether, in default of such answer, the rule should be made absolute. The charges which the petitioners make against the respondent are in substance:

1. That he wilfully or negligently omitted to make the return required by section 11 of the Brooks Law, Act of May 13, 1887, P. L. 108, as amended by the Act of May 5, 1921, P. L. 407.

2. That he colluded with violators of said act to assist them to evade its enforcement against them, by warning them of the approach of officers of the law who were attempting to enforce it.

3. That his influence upon the foreign element residing in his bailiwick is such as tends to engender a spirit of carelessness or contempt for the laws.

4. That he has fallen into habits of intemperance, rendering him unfit and incompetent, and that he "has and does neglect to perform the services legally required of him as constable."

4 D. & C.

Smith's Case.

The answer filed by the respondent is in effect a demurrer to the requirement of the rule that he answer the petition.

The first of the charges above mentioned is of what, under the amended Brooks Law, is an indictable offence, and the respondent takes the position that he cannot be required to reply under oath as to the truth or falsity of such a charge. This court held in an opinion by Taylor, J., delivered in 1910, in Rathbone's Case, 38 Pa. C. C. Reps. 70, that as no man can be compelled to criminate himself, a constable who, by a petition similar to the present one, was charged with violating section 11 of the Brooks Law could not be compelled to answer as to the truth of such charge, and that the proper procedure was an inquiry by the court, by means of testimony, as to the fact of such violation. We think it clear that the respondent is within his rights in refusing to make an answer under oath as to the truth of this charge, and that it should be established by testimony in a hearing before the court.

In their argument and brief the counsel of petitioners have rested their application entirely upon this first charge, and have referred to no statute other than the amended Brooks Law. The second, third and fourth charges may have been intended, when the petition was drafted, to rest upon the 192nd and 193rd sections of the Township Code, Act of July 14, 1917, P. L. 840, which provides a proceeding, by a rule to show cause, for the removal of "any township officer" who "refuses or neglects to perform his duties." These sections, however, would seem to us not to embrace the respondent among the officers to whom they apply. The officers referred to are apparently those specified in the Code as the officers to administer the affairs of the township (see chapter v), among whom constables are not included. Constables are not strictly township officers, and were held not to come within the meaning of that phrase as used in section 86 of the Act of April 15, 1834, P. L. 537 (which is substantially to the same effect as section 190 of the Code): Brunott *v.* McKee, 6 W. & S. 513. So, as they are not elected under the Act of 1915, and it does not regulate their duties, they would seem not to come within the scope of sections 192 and 193.

However, even if they were capable of being regarded as officers to whom these sections would apply, we would not regard the second, third and fourth charges contained in the petition as sufficient to warrant a removal of the respondent for want of a denial under oath of their truth in the face of his demurrer. The second charge, like the first, sets forth that which amounts in our opinion to an indictable offence; it charges in effect a conspiracy between the respondent and violators of the Brooks Law to evade and prevent the enforcement thereof, and this we think is an offence indictable at common law, as to which the respondent is not bound to criminate himself. It is a matter, however, that may properly be investigated by the court. The third and fourth charges are not distinct and specific charges of the violation of any particular duties imposed and defined by law; they are too general to enable the respondent to make an answer such as section 192 contemplates. The charge of intemperance would probably be sufficient were the proceeding one at the instance of a surety, under the Act of May 27, 1841, § 14, P. L. 400, to compel the giving of additional security, but that is not its nature.

Our conclusion is that a final decree should not be entered in this proceeding at the present time.

### Order.

And now, July 3, 1922, after argument and due consideration, the answer of the respondent in the nature of a demurrer is sustained to the extent of holding that the respondent is not bound to file an answer under oath to the aver-

Ritter *v.* Relly.

ments as to official delinquencies upon his part, contained in the petition, and that a decree removing him from office cannot be made for want of such an answer.

And it is further ordered that an inquiry and investigation shall be held and conducted in open court on the second Monday of August next, at 1.30 o'clock P. M., as to the truth of the first and second charges stated in the petition, to wit, that the respondent, in violation of section 11 of the Act of May 13, 1887, P. L. 108, as amended by Act of May 5, 1921, P. L. 407, has wilfully or negligently omitted to return to the Court of Quarter Sessions of this county "all places in his bailiwick where vinous, spirituous, malt or brewed liquors, or admixtures thereof, or where any intoxicating liquors are kept for sale or sold;" and that he has assisted, or attempted to assist, violators of said statute to evade the enforcement of the same against them in the manner specified in paragraph 4 of the petition. At the hearing so to be held, the petitioners, as well as any other citizen, may appear and present testimony touching the charges aforesaid, and the respondent, Boyd Smith, may, if he so desires, present testimony in contradiction of said charges, and the clerk is directed to issue subpœnas, upon application of any party or person, for the purpose aforesaid. From Harry D. Hamilton, Washington, Pa.