### Vina West, Appellee, v. Franklin Fire Insurance Company, Appellant.*

1. INSURANCE—*burden of showing failure to furnish proof of loss.* The insurer's filing special pleas that the insured could not recover from failure to furnish proofs of loss acknowledged that it had the burden of showing that no proofs of loss had been made by the insured.

2. INSURANCE—*waiver of proof of loss as sustaining averment thereof.* Proof that an insurer has waived proofs of loss by the insured will sustain the latter's allegation in her declaration for loss under a fire insurance policy that she furnished such proofs in accordance with policy terms.

3. INSURANCE—*necessity of pleading waiver of proofs of loss.* In an action to recover loss under a fire insurance policy it is unnecessary to specially plead waiver by the insurer of the policy requirements for proofs of loss.

4. INSURANCE—*when insurer waives compliance with policy terms.* An insurer's denial of all liability under a policy because of the insured's alleged breach of warranty amounts to a waiver of compliance with the conditions of the policy.

5. INSURANCE—*waiver of proof of loss.* Attempt of an insurance company to cancel, after a loss, a policy for a breach of warranty, which attempt amounted to a denial of all liability, held a waiver of proof of loss by the insured.

6. INSURANCE—*misrepresentation not affecting divisible contract.* Even though insured misrepresented the facts as to her house, this breach of warranty did not relieve the insurer for liability for loss to her barn, covered by the same fire insurance policy as the house.

* Received from clerk of Appellate Court, August 8, 1927.

West v. Franklin Fire Ins. Co., 245 Ill. App. 124.

7. APPEAL AND ERROR—*what required in bill of exceptions for review of ruling on motion for new trial.* The clerk's recital of denial of motion for new trial in writing up judgment will not obviate the necessity of including such motion in the bill of exceptions to secure review of the ruling thereon by the Appellate Court.

Appeal by defendant from the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed November 15, 1923.

WHAM & WHAM and E. L. SNIDER, for appellant.

W. L. KRANE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant insists that the court erred in refusing to direct a verdict in its favor. It is argued that appellee failed to prove the averment of her declaration that she furnished proof of loss in accordance with the terms of the policy and that the peremptory instruction should have been given for that reason.

The record discloses that appellant filed special pleas to the effect that appellee was not entitled to recover because she failed to furnish proof of loss. By so doing appellant recognized that it had the burden upon that question and cannot now blame the trial court for so treating it. Appellant offered no proof in support of its said special pleas and is not in a position to claim that the court erred in refusing to direct a verdict.

But even if it should be held that the burden was upon appellee to prove the averment that she furnished proof of loss, yet proof of waiver sustains such an allegation. Waiver need not be specially pleaded. *Gray v. Merchants' Ins. Co. of Newark,* 125 Ill. App. 370; *German Fire Ins. Co. of Peoria v. Grunert,* 112 Ill. 68–76; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.

Appellant proved that when it learned of the loss an adjuster was sent out to investigate and that upon receipt of his report appellant did all in its power to cancel the policy for a breach of warranty. The record does not disclose the date of the attempted cancellation, but it is quite clear that appellant intended, thereby, to deny all liability. A denial of liability on other grounds is a waiver of proof of loss and of other conditions in the policy. *American Central Ins. Co. v. J. B. Henninger & Co.*, 87 Ill. App. 440. In the state of the pleadings and proof we would not be warranted in assuming that the cancellation of the policy was attempted after the time for furnishing proof of loss had expired.

The policy in question insured appellee's dwelling for $500 and her barn for the same amount for a period of five years. The rate on each was $5.50 per year, making a total premium of $55. The barn was destroyed but there was no damage to the house. Appellant filed special pleas setting up that appellee made false answers to certain questions in her application with reference to the condition and value of the house and that she warranted said answers to be true. Upon the trial appellant offered to prove those pleas but the court held that the contract was divisible and that even if there were such representations as to the house appellant was not relieved from liability for the loss of the barn.

Counsel contend that the court erred in refusing to allow appellant to make that proof and cite many decisions from the courts of other States, which seem to support them. The courts are in a hopeless conflict on the question. Apparently there are about as many cases on the one side as the other. Counsel for appellant admit that there are some early decisions in this State which hold that the contract of insurance is divisible and that a breach of warranty as to one piece of property covered by the policy would not avoid the

contract as to the other property. The following are some of the cases evidently referred to: *Commercial Ins. Co. v. Spankneble*, 52 Ill. 53; *Hartford Fire Ins. Co. v. Walsh*, 54 Ill. 164; *German Ins. Co. v. Miller*, 39 Ill. App. 633; *Dwelling House Ins. Co. v. Butterly*, 33 Ill. App. 626.

In view of those decisions and the great conflict on the question in other courts, no useful purpose would be served by an extended discussion of the matter. We are of the opinion that the court did not err in its rulings on evidence in that regard. It is also urged that the court erred in overruling appellant's motion for a new trial. The motion is not in the bill of exceptions and cannot be considered. It is not sufficient that the clerk, in writing up the judgment, recites the denial of a motion for new trial. *People v. Faulkner*, 248 Ill. 158.

There being no other errors complained of the judgment is affirmed.

*Affirmed.*