# WILLIAM F. RANEY
## *v.*
## CHARLES BOYCE *et al.*

1. CONTRACTS — *construction* — *furnishing substitutes for the army.* A receipt was given to one Raney for "five hundred and twenty-five dollars, in full for a substitute to be furnished, and the said substitute to be a clearance in his stead." In an action by Raney to recover back the money, on the ground that no substitute was furnished, it was *held*, the contract implied that the plaintiff had been drafted, and the undertaking of the party receiving the money was, that the substitute to be furnished should be received and mustered into the service of the United States, in the place and stead of the plaintiff.

2. If the party for whom the substitute was to be furnished was relieved of the draft by the order of the government, and not by the acceptance of the substitute, then the contract of the party receiving the money was not performed, and the party paying it could recover it back, and with interest.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. AARON SHAW, Judge, presiding.

The case is stated in the opinion of the Court.

Mr. SILAS L. BRYAN, for the plaintiff in error.

Mr. H. K. S. O'MELVENY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Circuit Court of Richland county brought by William F. Raney against Charles Boyce and John S. Harvey, and tried by the court without a jury, and judgment for the defendants.

The action was brought on a receipt signed by the defendants, of which the following is a copy: "Olney, Illinois, April 14, 1865. Received of William F. Raney, of township two, range four, of Jefferson county, Illinois, the sum of five hundred and twenty-five dollars, in full for a substitute to be furnished, and the said substitute to be a clearance in his stead."

The breach was that defendants did not present a substitute.

The pleas were the general issue and a special plea, alleging in substance that they did furnish a substitute for the plaintiff on the 14th of April, 1865, for the purpose of being mustered into the service of the United States for the plaintiff, but he was not received and mustered into service because the plaintiff was released by the. provost marshal from his liability as a drafted man. That they are still ready to furnish a substitute, etc. A demurrer to this plea being overruled, it was traversed and the cause tried by the court.

A judgment having been found for the defendants, the plaintiff brings the case here by writ of error, where this finding is assigned as error.

In the view we have taken of the case, it is not necessary to pass upon the sufficiency of the special plea. The case depends upon the true construction of the contract of the parties as contained in the receipt.

It seems to us quite manifest, that the meaning of the contract is, that the plaintiff should be cleared of the draft by the acceptance of a substitute furnished by the defendants. What other interpretation can be given to the language used, " the said substitute to be a clearance in his stead," that is, the substitute furnished should be accepted in the place and stead of the plaintiff, and he, the plaintiff, should thereby be cleared of the draft. The contract implies that the plaintiff had been drafted and the undertaking of the defendants was that the substitute furnished should be received and mustered into the service of the United States, in the place and stead of the plaintiff. The plaintiff was to be cleared by the acceptance of the substitute.

Now, the plea is, the substitute was not received and mustered into service, *because* the plaintiff was released by the provost marshal from his liability as a drafted man, and such was the proof. The proof is, the government suspended the draft on the 14th day of April, 1865, consequently; no drafted man or his substitute could be accepted after that day, or on that day, after the receipt of the order suspending the draft.

The undertaking of the defendants was that the substitute should be a clearance of the plaintiff from the draft, whereas he was cleared of the draft by the order of government.

Again, it is not proved that the defendants furnished a proper substitute, one who possessed the requisite qualifications for a soldier, and one who would be accepted after the usual examination had in such cases.

Suppose the plaintiff had not paid these defendants, could they, on the proof submitted by them, recover of the plaintiff, alleging they had furnished a substitute, and by which he was cleared of the draft? We think not. The case shows the plaintiff was entitled to recover back his money without deduction, and with interest.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*