### W. B. MARCH and others *v.* JOHN W. THOMAS.

Where a plaintiff or one of several plaintiffs in equity is indebted to the defendant, and is insolvent, the claim may be set off without strict regard to mutuality. If such debt be payable to the defendant, the set off may be effected under *a petition*; if *not* payable to him but only claimed by him, then the set off is to be effected under *a bill*.

Where a decree had been obtained for sums due to several plaintiffs by one defendant, and at the next term the latter made an affidavit before the Court, setting forth certain claims upon some of the plaintiffs payable to the affiant, and that the debtors were insolvent, upon which a corresponding rule was taken and served upon such debtors, *held* that this proceeding was equivalent to a petition, and that the debtors should be required to answer and show cause.

(*Iredell* v. *Langston,* 1 Dev. Eq. 392; *Sellers* v. *Bryan,* 2 *ib.* 358; *Benzien* v. *Robinett,* 2 *ib.* 67; *Bunting* v. *Ricks,* 2 D. & B. Eq. 130; *Elliott* v. *Pool,* 6 Jon. Eq. 42, cited and ap proved.)

RULE, upon the equity docket, to show cause why certain credits should not be entered upon a decree, dismissed by *Cilley, J.,* at Spring Term 1868, of the Court of Equity for DAVIDSON.

W. B. March, E. D. Hampton, and H. Adams, had filed a bill against Thomas, and obtained an injunction, &c. At Spring Term 1866, the whole matter involved, by order of Court and agreement of the parties was referred. At Spring Term 1867, a report was returned awarding, amongst other things, that Thomas should pay to Adams $338,30, and to Hampton and March $1,409.25. This report was confirmed, and a decree entered accordingly. At Fall Term 1867, the following affidavit was filed: John W. Thomas maketh oath that Henderson Adams is justly indebted to him in the sum of $650,

principal and interest, due by bond bearing date Nov. 10th, 1853, for money loaned; that the said Adams is generally understood and believed to be insolvent and unable to pay his debts, and that Felix Clodfelter and George Kinney, the sureties to said note, are also believed to be insolvent. He further makes oath that E. D. Hampton is justly indebted to him in the sum of $722.50, due by bond bearing date May 7th, 1860, for loaned money, besides other sums to the amount of about $300, that the said Hampton is considered to be greatly involved in debt, and it is very doubtful whether he will be able to pay his debts, and affiant verily believes that if he cannot get said debts applied as a credit on the award in *this* case, that he will never be able to collect the same," &c. Thereupon a rule was made and served upon Adams and Hampton, requiring them to appear at the next term and show cause why the debts mentioned above should not be applied as a credit on the amounts respectively decreed to them.

At Spring Term 1868, the rule, upon motion of the plaintiffs, was discharged, and the defendant appealed.

No counsel for the appellant.

*Merrimon, contra.*

BATTLE, J. The doctrine of equitable set off has several times been the subject of discussion in this Court, and the principles upon which it is allowed are now very well established. *Iredell* v. *Langston,* 1 Dev. Eq. 392; *Sellers* v. *Bryan,* 2 Dev. Eq. 358, and *Elliot* v. *Pool,* 6 Jones Eq. 42. In ordinary cases mutual debts only can be set off in equity as well as at law. *Sellers* v. *Bryan, ubi supra, Bunting* v. *Ricks,* 2 D. & B. Eq. 130. When the plaintiff or one of the plaintiffs, is insolvent, a bond or note due from him to the defendants may be set off in equity without a strict regard to mutuality. *Benzien* v. *Robinett,* 2 Dev. Eq. 67. If the bond or note is payable to the defendant, the plaintiff, obligor or maker being insolvent, it may be set off upon petition; but

if claimed by the defendant but not payable to him, then it can only be done by bill, *Ibid.*

In the present case the bonds which are sought to be set off against the sums decreed to be paid by the defendant to the several plaintiffs respectively, are payable to the defendant himself, and it seems that he might have had the benefit of them as set-offs, had he proceeded by petition. The remaining question is, whether the rule to show cause founded upon the defendant's affidavit may not be treated and acted upon as a petition filed in the cause. We see no good reason why it may not. It was served upon the plaintiffs, and they had the same opportunity to answer it as if it had been a regular petition. It ought, therefore, to have been treated as a petition in the cause, to which the plaintiffs, Adams and Hampton, ought to have been required to respond in the usual manner; and it was erroneous in the Court to order its dismission upon the motion of the plaintiffs' counsel. This must be certified to the Court below as the law directs.

PER CURIAM.                              Order accordingly.