SAMUEL F. ENGS ET AL.

v.

CANUTE R. MATSON.

1.  SET-OFF.—The general rule is that demands to be set off must be such as constitute a mutual credit between the parties; but by the term "parties" is meant not merely the nominal plaintiff and defendant in the suit, but the real parties in interest.

2. SUIT ON REPLEVIN BOND—SET-OFF.—In an action upon a replev'n bond, though nominally br ught in the name of the officer to whom it wa; given, the real parties in interest being the debtors in the original suit, the creditors in the original suit, who are defendants in the suit on the replevin bond, may set off their demand against the debtor in the original suit.

3. PARTIES IN SET-OFF.—In a suit against a party and his sureties a debt or demand due from the plaintiff to the principal defendant, who is the real party in interest, may be set off.

4. RIGHT NOT LIMITED TO RECOUPMENT.—The right of set-off against the real party in interest, who is not a party to the record, is not limited to a mere recoupment of damig:s arising out of the same transaction as the demand or contract sued on.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed November 29, 1882.

This was an action of debt brought by appellee against appellants upon a replevin bond, executed by the latter in a suit, brought by three of appellants, for the recovery of certain goods from the possession of Henry C. Lawrence, Morris T. Martin, and others who were defendants in the replevin suit.

Appellants filed a plea in which they alleged in substance that at the time of the bringing of the present suit appellee held the bond, on which the suit is brought, for the sole use and benefit of Lawrence and Martin; that the bond was owned by them and no one else; and that the plaintiff had no claim upon, nor interest in said bond, nor in this suit. That appellants, Samuel Fand, George Engs, and Henry Snyder, Jr., were the principals in the bond, and the other appellants, Hurlbut, King, Lynch, and Egan, were sureties only. That at the time of the commencement of the suit there was due upon the bond $253 from said principals in said bond to Lawrence and Martin; that at the time, and previous to the commencement of the suit, Lawrence and Martin were, and still are, indebted to the principals in said bond, in the sum of $10,000 for goods sold by the latter to Lawrence and Martin; and the plea concludes with an offer to set off and allow the amount due to Lawrence and Martin on said bond, upon the amount due from them to the principals in the bond.

A demurrer to this plea was sustained by the court, and judgment rendered against appellants for $253.

The errors assigned are the sustaining of the demurrer and rendering judgment for appellee.

Mr. J. H. Westover, for appellants; as to the right of set-off, cited Rev. Stat. Chap. 110, § 19; Waterman on Set-off, §§ 160, 176, 198; Stow v. Yarwood, 20 Ill. 497; Springfield v. Hickox, 2 Gilm. 241; Packwood v. Gridley, 39 Ill. 388; Griffin v. Ketchum, 18 Ill. 392; Sargeant v. Kellogg, 5 Gilm. 273; Hamlin v. Kingsley, 12 Ill. 342; Sullivan v. Dollins, 13 Ill. 85; Burgess v. Tucker, 5 Johns. 105; Chandler v. Drew, 6 N. H. 469; Frazier v. Gibson, 7 Miss. 271; Driggs v. Rockwell, 11 Wend. 504; Bridge v. Johnson, 5 Wend. 356; Mass v. Goodman, 2 Hilt. 275; Griffin v. Rice, 1 Hilt. 184; Marsh v. Oneida Bank, 34 Barb. 298; Cowles v. Cowles, 9 How. Pr. 361; Bottomly v. Brook, 1 T. R. 621; Coppin v. Craig, 7 Taunt. 243; Judson v. Stitwell, 26 How. Pr. 513; O'Callaghan v. Sawyer, 5 Wend. 118; Ford v. Stuart, 19 Johns. 343.

In a suit against a party and his sureties, a demand due from the plaintiff to the principal defendant may be set off: Himrod v. Baugh, 85 Ill. 435.

Messrs. Flower, Remy & Gregory, for appellees; that demands to be set off must be mutual and exist between the parties to the record, cited Gregg v. James, Breese, 143; Hinckley v. West, 4 Gilm. 136; Burgwin v. Babcock, 11 Ill. 28; Hilliard v. Walker, 11 Ill. 644; P. & O. R. R. Co. v. Neill, 16 Ill. 269; Zuckermann v. Solomon, 73 Ill. 130.

Wilson, J. By the demurrer to the plea it is admitted that appellee had no interest in the bond; that he holds it solely for the use and benefit of Lawrence and Martin, and that they are the real parties in interest in the suit; that Lawrence and Martin were indebted to appellants, the principals in the bond, at and before suit brought.

Under these admitted facts were appellants entitled to make the set-off as claimed ?

The general rule is that demands to be set off must be such as constitute a mutual credit between the parties, but by the term parties is meant not merely the nominal plaintiff and de-

fendant in the suit, but the real parties in interest. Waterman on Set-off, §§ 148 and 218.

In New York it seems to be settled that if the suit be in the name of a plaintiff who has no real interest in the contract or cause of action sued upon, so much of a demand existing against the party for whose use the suit is brought, or the party whom the plaintiff represents, may be set off as will satisfy the plaintiff's demand. This was so adjudged in the case of Driggs v. Rockwell, in the court of errors, Chancellor Walworth and Senator Beardsley delivering opinions, 11 Wend. 504, the statute of set-off being substantially like ours. In that case the real party in interest was not a party to the record. The principle announced in that case has ever since been followed by the New York courts, and applied in various ways.

In Cowles v. Cowles et al. 9 How. Pr. R. 361, it was held that a defendant upon showing that one of several plaintiffs was the sole party in interest, might avail himself of a set-off in all respects as if the suit had been brought by such party alone. There the action was brought by Cowles and Curtiss against Cowles, and the latter answered that soon after the date of the note sued upon it became the property of Curtiss alone, and then alleged a demand against Curtiss accruing to the defendant after Curtiss became the owner of the note, and prior to the commencement of the action. The plea was held good. It is true that decision was made after the adoption of the revision of 1830, but we apprehend the case falls within the principle of Driggs v. Rockwell, where it was said the rule applies to cases arising before, as well as to those arising since the revision.

In Hogan et al. v. Shorb, 24 Wend. 458, it was held that where goods belonging to his principal were sold by a factor, without knowledge of the ownership on the part of the purchaser, the latter in an action by the principal to recover the price of the goods was entitled to set off a demand against the factor, although the sale was a cash sale, and the purchaser, when he obtained the goods, did not intend to abide by his contract to pay cash, but purposed to set off his demand

against the factor. See also to the same effect: Judson v. Sitwell, 26 How. Pr. R. 513; Bliss v. Bliss, 7 Bosw. 339; Mass v. Goodman, 2 Hilt. 275; Marsh v. Oneida County Bank, 34 Barb. 298; Bottomly v. Brook, 1 T. R. 621, cited by Senator Tallmadge in Bridge v. Johnson, 5 Wend. 342. Also Coppin v. Craig, 7 Taunt. 243, in which the same principle is recognized by the English courts.

In Himrod et al. v. Baugh, 85 Ill. 435, our own Supreme Court have held that in a suit against a party and his sureties, a debt or demand due from the plaintiff to the principal defendant, who is the real party in interest, may be set off. That was a suit upon an appeal bond against the principal and his sureties, brought in the name of the obligee in the bond, for the use of one Levi Baugh, to whom it was alleged the judgment appealed from had been assigned. The principal in the bond pleaded, by way of set-off, the payment of a judgment against him in a garnishee proceeding at the suit of a creditor of the plaintiff, in the appeal suit, without notice of the alleged assignment of the judgment, and the plea was held good, two of the judges dissenting. Sheldon, J., who delivered the opinion of the court, cites in support of the decision Mahwrin v. Pearson, 8 N. H.; Concord v. Pillsbury, 33 Id. 310; Brundridge v. Whitcomb, 1 Chipman, 180; Waterman on Set-off, § 237; Bourne v. Bennett et al. 4 Bing. 423; *Ex parte* Hanson, 18 Vesey, 232.

It is difficult to see any distinction between that case and the present. The fact that some of the defendants are sureties to the principals in the appeal bond, is not perceived to affect the case; the material inquiry is, which of the parties are the real debtors and creditors, and so interested in the subject-matter of the set-off. The principal obligor in a bond is the real debtor, and the surety only the security. As whatever would discharge the principal would also discharge the surety, we can see no good reason why, when sued with his surety, the principal ought not to be admitted to the same defense as he would be if sued alone. Setting off a demand against the principal debtor, is setting off what may be regarded as a mutual debt. And whether a party to the record occupies the

position of the real debtor alone, by reason of his relation to his co-party as principal and surety, principal and agent, trustee and usee, or otherwise, does not seem to us to make any difference. The general principle above stated, we think, is applicable to all such cases.

It is claimed that the ruling in Himrod v. Baugh is in conflict with some of the former rulings of the Supreme Court. If this were so, we must still be controlled by the last expression of the court.

Moreover, it will be found on examination of the previous decisions, where the Supreme Court have said in general terms that demands to be set off must be between all the parties to the suit, the court has not had its attention specially called to the distinction between the nominal parties to the record and the real parties in interest. The cases have for the most part turned upon the question of mutuality, and the court has uniformly held that the demands must be mutual; that a separate demand can not be set off against a joint demand; nor can a joint debt be set off against a separate debt; and in this respect there is nothing in the ruling in Himrod v. Baugh, inconsistent with former decisions.

We think the doctrine may be considered as settled in this State, that the right of set-off is not limited to cases of demands between all the parties to the suit, but it exists where there are mutual debts or demands between the real parties in interest; and by statute, "demands upon simple contracts may be set off against demands upon sealed instruments." § 19, Practice Act.

As to the suggestion that the right of set-off of the real party in interest, who is not a party to the record, is limited to a mere recoupment for damages or liabilities arising out of the same transaction as the contract or demand sued upon, we fail to see any force in it. If the right of set-off exists, no reason is perceived why such right is not to be exercised in the same manner, and to the same extent, as in case of a party to the record, who is also the real party in interest. We apprehend they stand on the same footing.

For the error of the court in sustaining the demurrer to defendant's plea of set-off, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.