THE ARKANSAS VALLEY AGRICULTURAL SOCIETY *et al.* v. G. S. EICHHOLTZ.

CORPORATION — *Officers —Fraud on Stockholders.* Where a corporation has been organized with a capital stock of $5,000, divided into one thousand shares of $5 each, and five hundred and ninety shares of said stock were subscribed, but no notice was ever given and published where books of subscription would be open; and the corporation continued in existence some seven years, and became possessed of valuable real estate, and afterward sold the same; and after such sale the officers and directors of the corporation, without the knowledge or consent of the other stockholders, issued to themselves the remaining stock at par value, and then declared a dividend upon the entire stock issued of $25 per share, *held*, that such action was without authority and in fraud of the rights of the other stockholders, and a plain breach of duty upon the part of the officers of such corporation.

*Error from Sedgwick District Court.*

INJUNCTION. The opinion states the facts. Judgment for plaintiff *Eichholtz*, on December 22, 1887. *The Society* and others bring the case to this court.

*Sluss & Stanley*, for plaintiffs in error.

*D. M. Dale*, for defendant in error.

Opinion by GREEN, C.: The Arkansas Valley Agricultural Society was incorporated on the 5th day of June, 1880, with a capital stock of $5,000, divided into one thousand shares of $5 each, and had its place of business at Wichita, in

Sedgwick county.  The corporation had for its object the encouragement and advancement of agriculture and horticulture, and the mechanic arts.  The full amount of the stock was not subscribed, and no notice was ever given of the opening of books to receive subscriptions, as required by § 16 of the act concerning private corporations.  It seems that up to March 19, 1887, five hundred and ninety shares of the stock of this society had actually been issued, and on and after that date the remaining four hundred and ten shares were issued by the authority of a majority of the directors, to the directors and officers of the association, without the knowledge or consent of the balance of the stockholders.

It is claimed that at the time of the issuance of the last stock, all the property of the corporation had been sold, which had consisted of thirty-six acres of land on the west side of Wichita, and known as the "Fair Grounds," and the proceeds were then in the hands of the directors and officers of this association; that the shares were worth, about this time, including the entire issue of stock, $55 per share, and not including the four hundred and ten shares, about $93 a share; that the directors and officers knew, at the time they took and paid for said stock at the par value of $5 per share, the exact value of the stock of the society and the property it then held; that after all the shares had been issued, a dividend was declared on the one thousand shares of $25 per share; and that the total assets of the corporation were about $56,-900.

On the 26th day of April, 1887, the defendant in error, one of the stockholders of the society, commenced this action in the district court of Sedgwick county to enjoin the directors and officers from paying any dividend or dividends on the stock claimed to have been fraudulently issued, and that the same might be canceled, and for further equitable relief in the premises.  Upon the filing of his petition, a temporary injunction was allowed, which was made perpetual upon a final hearing, by the court below.  The plaintiffs in error bring this case here, and claim that the taking of the stock in a corporation stands

upon a different footing than ordinary contracts of corporations, in prosecuting the business enterprises for which they are organized; that any person has a right to subscribe for stock in any corporation, so long as there are shares to be taken; that the corporation has no power to prescribe the character or qualification of its stockholders; that the policy of the law, as declared by the express terms of the statute, is to make corporations open to all persons alike to become members and stockholders; that the only favor given by the law is the advantage resulting from diligence, the idea being the first to come is first to be served — that is, the first man who subscribes may subscribe for all he wants, and the last man to subscribe may subscribe for all he can get.

This rule, as applied to the directors or officers of a corporation, cannot be upheld. The principle of public policy forbids transactions of this kind. It appears from the evidence that the property owned by this corporation had been sold, and the proceeds sold held by its officers. The assets at the time of the sale belonged to the then stockholders, and the directors and officers had no right to subscribe for the remaining stock at par, and enrich themselves to the detriment and loss of the other shareholders. The directors cannot lawfully benefit or favor any particular shareholder or class of shareholders. Every authority possessed by them is a power and discretion in the directors, who are trustees for the benefit of all the shareholders alike, which is to be exercised for the benefit of all of them. (1 Waterman, Corp., p. 620; *Harris v. N. D. Rld. Co.*, 20 Beav. 384.)

The effort on the part of the directors and officers of a society to obtain the unsubscribed stock at par, when they knew that each share of the stock already issued was worth eighteen times its face value, was clearly a fraud upon the rights of the other stockholders, and a flagrant violation of their duties as directors and officers of such association. The officers and directors of a corporation are trustees of the stockholders, and in securing to themselves an advantage not common to all the stockholders, they commit a plain breach of duty. (*Koehler*

*v. Iron Co.,* 67 U. S. 715; *Shorb v. Beaudry,* 56 Cal. 446; 1 Morawetz, Private Corp., § 518.) The law does not permit directors to manage the affairs of a corporation for their personal and private advantage, and this rule, we think, applies to the disposition of unsubscribed stock, as well as to other contracts. The character and relation of directors and officers of a corporation require of them the highest and most scrupulous good faith, in their transactions for the corporation and the stockholders. (*Hale v. Bridge Co.,* 8 Kas. 446, and authorities there cited; *Ryan v. L. A. & N. W. Rly. Co.,* 21 id. 365; *Hentig v. Sweet,* 33 id. 244.)

The judgment of the court below should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.