**Frank S. Cary et al., Appellants, v. William Niblo et al., Appellees.**

1. SET-OFF—*what appropriate by way of recoupment.* Unliquidated damages growing out of the plaintiff's claim are proper subjects of recoupment in any case but it must be averred and proved that they arose out of the plaintiff's cause of action alleged.

2. SET-OFF—*what not appropriate.* Unliquidated damages arising out of the breach of a contract other than the one sued on are not a proper subject-matter of set-off or recoupment.

3. SET-OFF—*what appropriate.* Money paid under a mistake of

fact may be set-off against a debt sought to be recovered by the plaintiff in an action in which the common counts are filed.

4. Set-off—*what proper subject of.* Money paid under a mistake of fact may be set-off by a defendant in assumpsit against the debt claimed to be due the plaintiff.

5. Set-off—*what proper subject of.* Any obligation to pay money upon a promise express or implied is a proper subject of set-off.

6. Set-off—*question of parties.* The law looks to the real and not to the nominal parties in determining the right to a set-off.

7. Evidence—*incompetency of collateral issues.* *Held,* that it was not proper to prove that other reliable wholesale dealers would not guarantee any granite to be free of stain, as tending to show that no contract of guaranty was entered into.

8. Instructions—*repetition of phrase "preponderance of the evidence."* It is not necessary to repeat the words "by the preponderance of the evidence" in every instruction.

9. · Instructions—*when error will not reverse.* An erroneous instruction which has not resulted in prejudice will not reverse.

Assumpsit. Appeal from the Circuit Court of Richland county; the Hon. J. R. Creighton, Judge, presidng. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910.

John C. Ritter, for appellants.

John A. MacNeil and H. C. Ferriman, for appellees.

Mr. Justice Duncan delivered the opinion of the court.

Appellants sued appellees in assumpsit in the lower court to recover $763 alleged to be due on account for marbles, granite, tombstones, monuments, etc., sold and delivered to appellees by appellants from September 22, 1906, to December 19, 1906. Appellees filed the general issue with notice of a set-off by reason of $560 paid by appellees to appellants in October 1903, on what is known in the record as the "Hinkley monument" which appellants sold appellees by sample, and represented that it was Barre granite and free from sap or iron. It is also stated in the notice that said material in the monument was not Barre granite free from sap or iron, and was not like the sample as repre-

sented, but was worthless, by reason whereof appellees were damaged and lost all their work, labor and expense in putting up the same and in removing same from the cemetery, amounting in all to $1,200, etc. After trial a verdict and judgment was entered in favor of the plaintiff and against the defendants below in the sum of $145.53 as damages. Appellants appeal to this court and the points relied on for a reversal of the judgment are (1) that none of the matters specified in appellees' notice are proper matters of set-off or of recoupment in this cause; (2) the court erred in its rulings on the evidence; (3) the court erred in the matter of giving and refusing instructions.

First. The law is in this State that unliquidated damages arising out of the breach of a contract other than the one sued on, are not a proper matter of set-off or recoupment to the defendant. Hence there can be no recovery in the case at bar by appellees for any damages arising by reason of the breach of the contract for the Hinkley monument, such as for work and labor and money expended on the monument in preparing and putting up the same or in replacing it with another monument. Unliquidated damages growing out of the plaintiff's claim are proper subjects of recoupment in any case, but it must be averred and proved that they arose out of the plaintiff's cause of action alleged. Horn v. Noble, 95 Ill. App. 99; Higbie v. Rust, 211 Ill. 333; Keegan v. Kinnare, 123 Ill. 280.

In the trial of this case the lower court ruled that the defendants were entitled to a set-off for the amount paid by them to the plaintiffs for the Hinkley monument, provided the monument was not of the material guaranteed, or according to the sample by which it was sold; and provided further that the monument delivered was wholly worthless. The court in substance so instructed the jury by the defendants' sixth instruction. In this holding we think the court was right. There is a right of set-off in every case where there are mutual debts or obligations, express or implied,

between the real parties in interest. Wherever an action can be maintained in assumpsit for money had and received, on the common counts, such a demand ought to be a subject set-off. Money paid under a mistake of fact, as was proved to have been done in this case by the appellants, may be set-off by a defendant in assumpsit against the debt claimed to be due the plaintiff. Commercial Union Ass'n v. Scammon, 133 Ill. 628; Hurd's Rev. Stat. 1908, sec. 47, chap. 110. When one person obtains the money of another, which it is inequitable or unjust for him to hold, the person entitled to it may maintain an action for money had and received for its recovery. It is not necessary that there should be an express promise, as the law implies a promise. It certainly is intended by the statute that any promise to pay money, express or implied, is a proper set-off. Allen v. Stenger, 74 Ill. 119; Laflin v. Howe, 112 Ill. 253; Scammon v. City of Chicago, 25 Ill. 361; Raney v. Boyce, 39 Ill. 24; Devine v. Edwards, 101 Ill. 140. In the last case cited the defendant had been buying milk from plaintiff and was to pay him so much per gallon. The milk was shipped in eight gallon cans that were proven to be short in measure. A set-off was claimed by the defendant for all shortage in previous sales, and the Supreme Court said on page 141 of that opinion: "If, in truth and in fact, by the mistake of the appellant and of appellee, the amount of milk was short, and appellee received more money on that account than he was entitled to, he must account for the same, even though the mistake resulted from negligence on the part of appellant as well as on part of appellee. The real question is as to the fact of the alleged shortage. If that existed, the appellant is entitled to have the wrong corrected, by way of set-off." In the case before us the consideration for the Hinkley monument has wholly failed, under the evidence; and, that being the case, the plaintiffs received $553 in money for nothing, and the law raises an implied promise on the part of appellants to return it. The set-off

in this case is a cross suit on that implied promise, and as to the consideration paid is not for unliquidated damages. The evidence also showed that these appellants were the same identical parties who ordered the Hinkley monument. Their firm name now is Niblo and Shepard; in 1903, Niblo and Son. The law looks to the real and not to the nominal parties in determining the right to a set-off. Engs v. Matson, 11 Ill. App. 639; Rothschild v. Bruscke, 131 Ill. 265.

Second. It follows from what we have already said that the court properly admitted the evidence on the question of set-off, which tended to show that the defendants were entitled to a return of the money paid by them for the Hinkley monument. It was not proper for the plaintiffs to prove that other reliable wholesale dealers would not guarantee any granite to be free of stain as tending to prove that there was no contract of guaranty by appellants. The excluded evidence shed no light on that proposition and the court properly excluded it. The evidence is all one way that the implied warranty of the appellants was broken, and that there was a total failure of the consideration, and the jury properly allowed the set-off for the amount paid by appellants on the Hinkley monument.

Third. All the objections raised by the appellants to the instructions given or refused by the court have been answered, except as to appellees' fifth and sixth instructions read to the jury, as all of the refused instructions of appellants stated in substance that nothing by way of set-off should be allowed on account of the Hinkley monument. The objection made to appellees' fifth instruction is that it does not require the defendants to sustain their claim of set-off by a preponderance of the evidence. It does state to the jury, however, that only such sum must be deducted as set-off as they believe from the evidence has been proved. The instruction states the law correctly in that regard. The jury were already informed in other instructions that the defendants' set-off must be proved by a pre-

ponderance of the evidence before they could allow it. It was not necessary to repeat the words "by the preponderance of the evidence" in every instruction.

The sixth instruction was inaccurate in telling the jury that the defendants were entitled to the amount paid plaintiffs for the Hinkley monument, "provided the goods delivered to defendants may have been shown by them to be wholly worthless to defendants." The last two words, "to defendants," should have been stricken out of the instruction as it was not a question of the value to them alone, but whether or not it had any value to any one. The evidence, however, is all to the effect that it was wholly worthless. Hence, the appellant could not have been prejudiced thereby.

As there is no error assigned that the damages are inadequate, there is no further question that can arise in the record. McGuire v. Campbell, 58 Ill. App. 188; Horan v. The People, 10 Ill. App. 21; Pennsylvania Co. v. Conlan, 101 Ill. 96. It is also proven, however, that the defendants never received the first item of the account charged at $50, and that the defendants were entitled to other items of set-off. The verdict seems to be entirely supported by the evidence.

Finding no reversible error in this record, the judgment of the lower court is affirmed.

*Affirmed.*