## ANNA L. STRONG, Respondent, v. THOMAS P. GORDON, Appellant.

Kansas City Court of Appeals. April 5, 1920.

1. **APPEAL AND ERROR: Recital in Record Proper.** A recital in the record proper as follows: "Now here defendant files his affidavit for appeal . . . which said appeal is hereby duly allowed" is sufficient to show that the affidavit for appeal was filed.

2. **BILLS AND NOTES: Real Party in Interest: Non Resident: Equitable Set-off.** An answer which pleads that the real party in interest in a suit on two notes is not the plaintiff, but that the

owner of said notes is one *S* who is a non-resident and that on an accounting between *S* and defendant who were formerly partners, it will be found that *S* is indebted to the defendant in a certain sum which defendant asks to be applied on the notes, states a proper case for equitable set-off, and it is erroneous to give plaintiff judgment on the pleadings.

3. ———: **Equitable Set-off.** The jurisdiction of equity to allow an equitable set-off is not based upon any statutes of set-off but exists independently of them to enable courts to do justice between the parties.

4. ———: ———: **Third Person Real Party in Interest.** An equitable set-off may be pleaded against a third person who is the real party in interest.

5. ———: ———: **Unliquidated Demand.** Where the equitable set-off pleaded consists of an unliquidated demand, the chancellor, under the general prayer for equitable relief, may restrain further proceeding on the notes sued on until an accounting has been had, or defer judgment until a reasonable time has been afforded for that purpose.

Appeal from Buchanan Circuit Court.—*Hon. Thos. B. Allen*, Judge.

REVERSED AND REMANDED.

*A. L. Perry* and *Randolph & Randolph* for respondent.

*Barney E. Reilly* and *W. B. Norris* for appellant.

TRIMBLE, J.—This is an action on two promissory notes, one for $2000 and the other for $1000. Defendant's answer consists of a general denial and a crossbill in equity which sets up that defendant executed the notes but that plaintiff has no interest in them, the real owner being Louis L. Strong, Jr., (plaintiff's son), who is the real party in interest and for whose benefit the notes were executed; that Louis L. Strong, Jr., is a non-resident and has no property in the State subject to execution; that in 1914 said Louis L. Strong, Jr., and defendant entered into a partnership which continued until 1918; that in said partnership venture the defendant was required to pay the losses thereof amounting to $3459.78,

one-half of which or $1729.89, was Louis L. Strong, Jr's, loss and which upon an accounting between the parties, is due the defendant under the articles of partnership; that said Strong has refused to pay said amount and no accounting has been had between the partners and that defendant has no adequate remedy at law by which he can collect said indebtedness; wherefore an accounting between the partners is prayed and that the amount found due from said Louis L. Strong, Jr., be credited upon the notes sued on, and that all further equitable relief be granted to which defendant is entitled.

Plaintiff filed a motion for judgment on the pleadings which the trial court sustained and judgment was rendered in the notes. Defendant has appealed.

Respondent urges that the appeal be dismissed on the ground that the record proper fails to show that an affidavit for appeal was filed. However the record proper recites "now here defendant files his affidavit for appeal . . . which said appeal is hereby duly allowed" etc. Under the ruling in State ex rel. v. Broaddus, 234 Mo. 331, this is sufficient. The appeal should not be dismissed, but must be disposed of on its merits.

Was plaintiff entitled to judgment on the pleadings? The motion for judgment on the pleadings must be regarded as admitting the facts well pleaded in the answer. That says a non-resident, Louis L. Strong, Jr., defendant's partner, owns them and that he is the real party in interest; that on an accounting it will be found Strong owes defendant over $1700 which the latter desires to have applied on the notes.

While the suit, as instituted, is an action at law, yet under our code, an answer calling for proper equitable relief will change the case into one in equity; and the jurisdiction of equity to allow an equitable set-off is not based upon any statutes of set off but exists independently of them; and thus, by the exercise of this equitable jurisdiction, courts are enabled to do justice between the parties in cases not strictly within the statute. [24 R. C. L. 803-4, par. 12.] The doctrine of set-off, whether legal

or equitable, is essentially a doctrine of equity. [24 R.
C. L. 799, par. 9.] Furthermore, the fact that the set-off
is unliquidated is no bar thereto in equity. [Smith v.
Perry, 197 Mo. 438, 460; Schwartz v. Harris, 206 Fed.
936, 939.] And even though the debts arise out of or
accrue in different rights, this will not prevent an equi-
table set-off. [24 R. C. L. 865, par. 70.] And non-resi-
dence of the one against whom the set-off is claimed is
a sufficient ground to allow an equitable set-off. [Platner
Imp. Co. v. Bradley, 40 Colo. 95; North Chicago Rolling
Mill Co. v. St. Louis Ore, etc., Co., 152 U. S. 596, 615, 616;
Caldwell v. Stevens, 167 Pac. 610; McIntyre v. Forbes
Piano Co., 100 Miss. 517; Arnold v. Carter, 125 Ga. 324;
Abernathy v. Myer-Bridges Coffee Co., 100 S. W. 862;
Pietrowski v. Czerwinski, 138 Wis. 396; Porter v. Rose-
man, 165 Ind. 255; Ewing Merkle Electric Co. v. Lewis-
ville Light, etc., Co., 92 Ark. 594.]

It is true the plaintiff herein is not the one against
whom the set-off is asserted, but under the allegations of
the answer, she is only the nominal plaintiff and the
equitable set-off is asserted against the real party in in-
terest, and hence the ordinary rule that a set-off cannot
be allowed against a third person not a party to the ac-
tion, does not apply. [34 Cyc. 717; Engs v. Matson, 11 Ill.
App. 639; Scobey v. Fenton, 39 Ind. 275; Clay v. Wood-
rum, 45 Kan. 166; Collins v. Campbell, 97 Me. 23; Jump
v. Leon, 192 Mass. 511.] In Nickerson v. Gilliam, 29, Mo.
456, 459, the Supreme Court of our State ruled that an
equitable set-off could be pleaded against a third person
who was the real person in interest, and said: "In Ward
v. Martin, 3 Mo. 19, it was held that a set-off was admis-
sible under circumstances similar to those in the cases
before us. In that case the defendant was permitted to
prove the suit was for the benefit of a third person, to
whom the beneficial interest in the note (which was the
foundation of the suit) belonged at the time suit was
brought, and that such third person was indebted to the
defendant Ward in a much larger sum than the principal
and interest of the note. It was held that it was compe-
tent for the defendant to avail himself of the equitable

matter attempted to be proved in avoidance of the recovery which was sought against him." [See, also, on this point 24 R. C. L. 859, par. 63.]

But it is urged that plaintiff cannot compel her son, Louis L. Strong, Jr., to become a party to the suit and enter into an accounting with defendant. But, if Louis L. Strong, Jr., is the real owner of the notes as the answer alleges, no doubt he will, indirectly, be compelled to do so or risk losing a large part of his notes, although the court may not have any power to directly compel him to become a party. No doubt this is the greatest practical difficulty in the matter of permitting the setting up of this unliquidated claim as an equitable set-off. Nor can future developments be anticipated. It might become advisable for the chancellor, under the general prayer for equitable relief, to merely defer entering judgment until defendant has had a reasonable time to secure an accounting and thereby have his demand liquidated, and credited on the amount due on the notes when judgment is finally rendered, and to restrain further proceedings on the notes until an accounting has been had. Such procedure has been adopted in certain circumstances. [24 R. C. L. 807, 857-8, par. 61.] At any rate, we do not think defendant's right to an equitable set-off should be at once foreclosed by a judgment on the pleadings.

The judgment is therefore reversed and the cause remanded. All concur.