S. P. DALTON AND EDNA R. DALTON, APPELLANTS, v. THE STURDIVANT BANK, A CORPORATION, IN CHARGE OF O. H. MOBERLY, COMMISSIONER OF FINANCE OF THE STATE OF MISSOURI, RESPONDENT.— 76 S. W. (2d) 425.

St. Louis Court of Appeals. Opinion filed December 4, 1934.

*Dearmont, Spradling & Dalton* for appellant.

*John A. Ferguson* and *Sharp & Baynes* for respondent.

SUTTON, C.—The Sturdivant Bank is a corporation organized and existing under the laws of the State of Missouri, and was doing a banking business at Cape Girardeau until November 7, 1932, when it was placed in the hands of the Commissioner of Finance for liquidation. This is an equitable proceeding, whereby plaintiffs seek to have certain deposits allowed as set-offs against the notes of the plaintiffs held by said bank. At the time the bank was put in charge of the finance commissioner the bank held the plaintiffs' notes in the aggregate amount of $2,165, and had to their credit on deposit in the bank $201.25. There was on deposit to the credit of Jane Dalton, Ruth Dalton, and James Poage Dalton, minor children of plaintiffs, $128.23. The plaintiffs seek to have these deposits allowed as set-offs against their notes held by the bank. The court gave judgment allowing as set-offs the deposits in the bank to the credit of the plaintiffs and disallowing as set-offs the deposits in the bank to the credit of their minor children. From this judgment plaintiffs appeal.

The deposits in the bank to the credit of the minor children were derived from their parents, the plaintiffs, who made the deposits as gifts to the children. Plaintiffs contend that as the natural guardians of their children they are entitled to have set off against their individual notes the deposits in the bank to the credit of the children. Defendant contends that for want of mutuality in the demands this may not be done.

It is a general rule of practically universal application at law that to warrant a set-off the demands must be mutual and subsisting between the same parties and must be due in the same capacity or right. Equity usually follows the law, and it is held as a general rule that in equity as at law the right of set-off is reciprocal, and only mutual claims and such as are in the same capacity or right can be set off, but this doctrine of mutuality is not permitted to work an injustice, for whenever it is necessary to effect a clear equity or to prevent an irremediable injustice, the set-off will be allowed in equity although the debts are not mutual and the set-off therefore one which a court of law would not be authorized to make. Thus, upon a showing of insolvency equity will set off a debt without regard to strict mutuality or whether the debts are due in the same capacity or right, and so in cases of nonresidence or of joint or separate demands. In accordance with the general rule requiring mutuality of the debts or demands, a claim against the plaintiff in a representative capacity cannot, in the absence of any special equities, be set off in a suit brought in his individual capacity, and *vice versa*, but in case of the insolvency of the plaintiff a debt due the defendant in a representative capacity may be set off against an individual debt, and the same rule applies where plaintiff is a married woman against whom a personal judgment cannot be rendered. [57 C. J. 361, 364, 365, 444, 446, 451,

and 453; Smith v. Perry, 197 Mo. 438, 95 S. W. 337; Barnes v. Mc-Mullins, 78 Mo. 260; Rubey v. Watson, 22 Mo. App. 428; Strong v. Gordon, 203 Mo. App. 470, 221 S. W. 770; Black v. Whitall, 9 N. J. Eq. 572; Farris & McCurdy v. Houston, 78 Ala. 250; Falconer v. Rowe, 1 S. C. Eq. 156; March v. Thomas, 63 N. C. 87; Harwood v. Andrews, 71 Ga. 784; Renfroe v. Yarbrough, 144 Ala. 487; Scott v. Armstrong, 146 U. S. 499.]

It is well settled law in this State the Commissioner of Finance in taking over the assets of an insolvent bank for the purpose of liquidation takes the assets subject to all equities existing with respect thereto at the time the assets are taken over. Accordingly, it is held that where a right of set-off exists at the time of taking over the assets, the act of taking over the assets does not destroy or disturb such right. [Brown v. Stotts City Bank (Mo.), 38 S. W. (2d) 722; Advance Exchange Bank v. Baldwin (Mo. App.), 31 S. W. (2d) 96; Homer v. National Bank of Commerce, 140 Mo. 225, 41 S. W. 790; Field v. Oliver, 43 Mo. 200; Merchants' Ice & Fuel Co. v. Holland Banking Co. (Mo. App.), 8 S. W. (2d) 1030; Aab v. French (Mo. App.), 279 S. W. 435; Smith v. Spengler, 83 Mo. 408; Huse v. Ames, 104 Mo. 91, 15 S. W. 965; Storts v. Mills, 93 Mo. App. 201.]

It follows, we think, that plaintiffs here are entitled in equity as the natural guardians of their minor children to have the fund deposited to the credit of such children in the bank allowed as a set-off against plaintiffs' notes held by the bank. We agree with the defendant that the deposit of the fund by the parents to the credit of the children in the bank as a gift to the children, vested the fund in the children as their own, and that the parents have no right or power to revoke the gift and take back the fund as their own; but this is not what the plaintiffs seek to do in this action. They do not seek to apply the fund as their own in payment of their individual indebtedness, but seek to conserve the fund for the use and benefit of the children. In other words, they seek to apply their individual indebtedness, to the extent of the set-off, as an asset in their hands as the natural guardians of the children, in lieu of a claim against an insolvent bank. The right and power of the plaintiffs to do this in equity as the natural guardians of the children can hardly be questioned, in the light of the statute. [Sec. 375, R. S. 1929, Mo. Stat. Ann., sec. 375, p. 241.] Their powers as natural guardians, respecting the management, control, investment, and disposal of the fund derived from them, to the end that the fund be conserved and applied for the use and benefit of the children, is well nigh absolute. As such guardians they act without the necessity of giving bond, or accounting to the probate court, and without being subject to the orders or directions of such court. They must, however, account to the children for the fund, and are personally liable to them for it, unless it is expended for their own proper use and benefit, or is

lost under circumstances relieving them from liability. [28 C. J. 1145.]

The Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded with directions to that court to enter judgment in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions as recommended by the Commissioner. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.