**SNOWDEN INVESTMENT COMPANY, Plaintiff/Appellant,**

v.

**SCI-WENTZVILLE CARE CENTER, INC. and WPCC, Inc., Defendants/Respondents,**

**Peoples Bank and Trust Company of Lincoln County, Intervenor/Respondent.**

No. 65883.

Missouri Court of Appeals, Eastern District, Division Three.

April 25, 1995.

Richard S. Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, Clayton, for appellant.

Dale E. Cope, Troy, for intervenor.

Daniel L. Goldberg, St. Charles, for respondents.

CRANE, Presiding Judge.

This appeal arises out of competing claims to the proceeds of a medicaid check in the amount of $156,836.55 paid to Wentzville Park Care Center for nursing home services rendered during the month of April, 1993. From April 1, 1993 through April 26, 1993, Wentzville Park Care Center was operated by defendant, SCI–Wentzville Care Center, Inc. [SCI–Wentzville], which subleased the property from defendant WPCC, Inc. Wentzville Park Care Center was operated by plaintiff, Snowden Investment Company [Snowden], for the remainder of the month of April, 1993. Intervenor, Peoples Bank and Trust Company of Lincoln County [Peoples], was the holder of a valid security interest on SCI–Wentzville's accounts receivable.

On April 19, 1993 Snowden moved for a temporary restraining order and other relief to protect its interest in the nursing home property which was then being operated by SCI–Wentzville. The parties entered into a settlement agreement dated April 26, 1993 which provided that SCI–Wentzville and WPCC, Inc. would turn possession of the premises as a functioning nursing home over to Snowden on that date. The agreement required that upon receipt Snowden was to turn over the April medicaid check to Robert Denlow, Escrow Agent, who was empowered to endorse the check on behalf of all parties

doing business as Wentzville Park Care Center. The agreement further provided that the escrow agent would divide that check into paid days of service between Snowden and SCI–Wentzville.

Snowden received the April medicaid check, but cashed it instead of putting the check in escrow. SCI–Wentzville and WPCC, Inc. moved to enforce the settlement agreement. Snowden deposited funds representing the proceeds from the check into the court's registry. Peoples intervened to enforce its security interest against that portion of the April medicaid check owed to SCI–Wentzville.

The parties stipulated to the legal questions to be resolved by the trial court as follows:

If it is determined that (1) the security interest does attach to the proceeds deposited with court, and (2) [Snowden] is not entitled to any credits or set-offs, then, the funds shall be disbursed $135,805.06 to [Peoples] and $21,031.49 to [Snowden].

The trial court entered a judgment with findings of fact and conclusions of law. It concluded that Peoples' security interest attached to SCI–Wentzville's portion of the medicaid check proceeds and that Snowden was not entitled to credits or a setoff. The court ordered the funds disbursed to Peoples and Snowden according to the parties' agreement.

Snowden appeals on the grounds that the trial court misapplied the law in concluding that Peoples' security interest attached to the medicaid payment and that Snowden was not entitled to any credits or setoffs. We affirm.

For its first point Snowden asserts the trial court erred in concluding that Peoples held a valid security interest in the proceeds of the medicaid check. Snowden contends that federal law prohibits the assignment of medicaid benefits due a provider to another person or entity. Snowden relies on the following provision of Title XIX of the Social Security Act (42 U.S.C. §§ 1396 *et seq.*) which specifies the conditions under which the federal government makes grants to the states through medical assistance programs:

A State plan for medical assistance must—

\* \* \* \* \* \*

(32) provide that no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service, under an assignment or power of attorney or otherwise;  except that—

\* \* \* \* \* \*

(B) nothing in this paragraph shall be construed . . . (ii) to preclude an agent of such person or institution from receiving any such payment if (but only if) such agent does so pursuant to an agency agreement under which the compensation to be paid to the agent for his services for or in connection with the billing or collection of payments due such person or institution under the plan is unrelated (directly or indirectly) to the amount of such payments or the billings therefor, and is not dependent upon the actual collection of any such payment;
. . .

42 U.S.C. § 1396a(a)(32).

The legislative history of this provision reveals that its purpose was to prevent "factoring" agencies from purchasing medicare and medicaid accounts receivable at a discount and then serving as the collection agency for the account which could possibly lead to incorrect and inflated claims. *In re Missionary Baptist Found.*, 796 F.2d 752, 757 n. 6 (5th Cir.1986). However, the statute does not prevent a medicaid provider who borrows money from giving its lender a security interest in its medicaid reimbursement payments. *Id.* at 756–59. A provider's accounts receivable which include medicaid payments may be used as collateral on a loan. *Id.* See also *Bank of Kansas v. Hutchinson Health Servs., Inc.* 12 Kan. App.2d 87, 735 P.2d 256, 258–59 (1987). Point one is denied.

For its second point Snowden asserts that the trial court erred in concluding that Snow-

den was not entitled to credits[1] or setoffs. Snowden argues that it has a right of setoff. In the argument portion of its brief, Snowden does not identify the basis for its claim of setoff. It states only the general rule that "[T]o warrant a setoff, the demands must be mutual and subsisting between the same parties and must be due in the same capacity or right." *Mercantile Trust Co. v. Mosby*, 623 S.W.2d 22, 24 (Mo.App.1981) (quoting *Dalton v. Sturdivant Bank*, 76 S.W.2d 425, 426 (Mo. App.1934)). The argument then states:

> Here, both Plaintiff and Sci–Wentzville operated the nursing home in the same capacity, the claims to the funds are subsisting between the same parties, and the demands are mutual. Both parties claim they are entitled to the proceeds that have been deposited in the Court to reimburse them for operating expenses and related expenses.

This argument does not give us any information which would allow us to review whether the trial court erred "in concluding that Snowden Investment Company was not entitled to credits or set-offs." The argument does not identify what pleadings properly allege its claim to a setoff or what exists in the record to support its claim that it has a right to a setoff. It provides no legal authority or rationale explaining why its unidentified claims are "mutual and subsisting between the same parties." This point presents nothing for our review. *See State ex rel. Webster v. Missouri Resource Recovery, Inc.*, 825 S.W.2d 916, 936–37 (Mo.App.1992); *Saunders–Thalden & Assoc., Inc. v. Thomas Berkeley Consulting Engineer, Inc.*, 825 S.W.2d 385, 387 (Mo.App.1992).

The judgment of the trial court is affirmed.

CRANDALL, and DOWD, JJ., concur.

---

1. Snowden does not mention an entitlement to *credits* in the argument section of its brief. Therefore, it has abandoned any claim for cred-

its. *Krame v. Waller*, 849 S.W.2d 236, 239 (Mo. App.1993).